# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RODGER WILLIAMS, | Civil Action No. 16 – 778 |
| Plaintiff, | |
| v. | Magistrate Judge Lisa Pupo Lenihan |
| C.O. WHITE, WARDEN OF THE ALLEGHENY COUNTY JAIL, SUPERINTENDENT SCI PITTSBURGH, SUPERINTENDENT LAUREL HARRY, C.O. BELTZ, C.O. BEALE, MR. HORNUNG, SGT. STUBBS, C.O. FRANKHOUSER, LT. BAPTIST, | |
| Defendants. | |

## MEMORANDUM ORDER

Plaintiff Rodger Williams filed a *pro se* civil rights complaint on June 13, 2016, asserting claims arising out of his incarceration at the Allegheny County Jail, SCI-Pittsburgh and SCI-Camp Hill. In sum, Plaintiff alleges claims regarding destruction of personal property and sexual and verbal harassment. The Court has conducted an initial prescreening of the complaint pursuant to 28 U.S.C. § 1915A and for the following reasons concludes that the claims in the complaint are too disparate to proceed in one lawsuit and therefore are in violation of the rules of joinder as set forth in the Federal Rules of Civil Procedure.

As stated above, Plaintiff is asserting claims that arose at three different facilities: the Allegheny County Jail, SCI-Pittsburgh and SCI-Camp Hill. While the Allegheny County Jail and SCI-Pittsburgh are both located within the territorial boundaries of this district, SCI- Camp Hill is located within the territorial boundaries of the Middle District of Pennsylvania. Rule

20(a)(2) of the Federal Rules of Civil Procedure defines the limits of defendants that can be joined to a single action. That rule specifies:

> (2) Defendants. Persons – as well as a vessel, cargo, or other property subject to admiralty process in rem – may be joined in one action as defendants if:
>
> > (A) any right to relief is asserted against them jointly, severally, or in the **alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences**; and
> >
> > (B) any question of law or fact common to all defendants will arise in the action.

Fed.R.Civ.P. 20(a)(2)(emphasis added). Though the requirements of Rule 20(a) are to be liberally construed in the interests of convenience and judicial economy, "the policy of liberal application of rule 20 is not a license to join unrelated claims and defendants in one lawsuit." *Salley v. Wetzel*, 2013 WL 3157558, at *3 (M.D.Pa. June 20, 2013), *aff'd sub nom. Salley v. Sec'y Pennsylvania Dep't of Corr.*, 565 F. App'x 77 (3d Cir. 2014) (citing *Pruden v. SCI Camp Hill*, 252 F. App'x 436 (3d Cir. 2007)).

The complaint proffers no factual allegations supporting the contention that the various actions and events occurring at the Allegheny County Jail, SCI-Pittsburgh and SCI-Camp Hill constitute a single unified transaction or occurrence. Instead, Plaintiff's complaint identifies a series of discrete events which may give rise to discrete cases; they do not show a single transaction or occurrence actionable in a single federal court complaint. *See Pruden v. SCI Camp Hill*, 252 F. App'x at 438. Plaintiff must pursue each claim in a separate complaint unless the events are related. He may to file an Amended Complaint as to the incidents that occurred at the Allegheny County Jail at this docket number. If he chooses to pursue the claims that allegedly occurred at SCI-Pittsburgh, he must file another in forma pauperis motion accompanied by a new complaint. Furthermore, those claims that occurred in the Middle District

of Pennsylvania, *i.e.* SCI-Camp Hill, must be filed in a new and separate civil rights action filed in that district in accordance with Rule 8(a) and 20(a) of the Federal Rules of Civil Procedure.

There also exists another important reason for requiring compliance with Rule 20. The Prison Litigation Reform Act of 1995 ("PLRA"), which substantially changed the judicial treatment of civil rights actions by state and federal prisoners, also compels compliance with Rule 20. Specifically, under the PLRA the full filing fee must ultimately be paid in a non-habeas action. Allowing a prisoner to include a plethora of separate, independent claims, would circumvent the filing fee requirements of the PLRA. *Mincy v. Klem*, 2007 WL 1576444, at \*1 (M.D.Pa. May 30, 2007). *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) ("Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass that this [multiple]-claim, [multiple]-defendant suit produced but also to ensure that prisoners pay the required filing fees."). *See also Smith v. Kirby*, 53 F. App'x 14, 16 (10th Cir. 2002) (unpublished) (finding no abuse of discretion where district court denied leave to amend or supplement the complaint where the "new claims were not relevant to the claims before that court.. . .").

Based on the foregoing, and in the interests of justice to this *pro se* litigant, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), Plaintiff will be granted until **September 5, 2016** to file an Amended Complaint at this docket number as to the incidents that occurred at the Allegheny County Jail and which also satisfies Rule 20. He is advised that the Amended Complaint must be complete in all respects. It must be a new pleading which stands by itself as an adequate complaint without reference to the complaint already filed. Again, to the extent that Plaintiff believes that he has been subjected to more than one violation of his rights, <u>and to the extent that these violations are unrelated to each other</u>, he should file separate complaints addressing each

violation along with separate motions to proceed *in forma pauperis*. "It must be a new pleading which stands by itself as an adequate complaint without reference to the complaint already filed." *Young v. Keohane*, 809 F. Supp. 1185 (M.D.Pa. 1992). Therefore, if Plaintiff wishes to pursue his claims based on the events that occurred at SCI-Pittsburgh then he must do so by filing a new complaint which will be docketed as a separate action.

Plaintiff is advised that the failure to file an Amended Complaint will result in the court recommending that all counts from the original complaint be dismissed, with the exception of destruction of property claims that occurred while he was incarcerated at the Allegheny County Jail. If Plaintiff does file an amended complaint which still fails to comply with Rule 20, the court will proceed only on the claims arising from his incarceration at the Allegheny County Jail and will recommend the dismissal of the remainder of the claims.

Dated: August 4, 2016.

/s/ Lisa Pupo Lenihan
Lisa Pupo Lenihan
United States Magistrate Judge

cc: Rodger Williams
ML-8889
SCI Somsert
1600 Walters Mill Road
Somerset, PA 15510